IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  Plaintiff, )<br>v. )<br>JOHN C. CARNES, )<br>  Defendant. ) | Case No. 22-00282-CR-W-HFS |

# REPORT & RECOMMENDATION TO DENY DEFENDANT'S MOTIONS TO DISMISS

Before the Court are Defendant's Motions to Dismiss Counts One, Two, and Three through Six of the Indictment. Defendant asserts that: (1) Count One is duplicitous; (2) Count Two is duplicitous and fails to state an offense; and (3) Counts Three through Six are barred by the six-year statute of limitations. (Docs. 27, 28, 29) For the following reasons, Defendant's motions should be denied.

## I. BACKGROUND

On December 20, 2022, the Grand Jury returned a nine-count Indictment charging Defendant with: Count One - evasion of payment of income tax, in violation of 26 U.S.C. § 7201; Count Two - corrupt endeavor to obstruct and impede the administration of Internal Revenue laws, in violation of 26 U.S.C. § 7212(a); and Counts Three through Nine - failure to pay tax, in violation of 26 U.S.C. § 7203. (Doc. 1) On January 13, 2024, Defendant filed the instant motions to dismiss. (Docs. 27, 28, 29) With an extension of time granted, the Government filed its responses on February 20, 2024. (Docs. 39, 40, 41) Defendant did not file replies.

1

## II. LEGAL ANALYSIS

### A. <u>Counts One and Two</u>

Defendant contends that Counts One and Two should be dismissed due to duplicity. (Docs. 27, 28) Specifically, Defendant argues that Count One improperly combines seven years of alleged tax evasion into a single charge to circumvent the statute of limitations. (Doc. 27) He contends that each year the tax is evaded is a separate criminal offense for that year. (Doc. 27) Defendant maintains that Count Two similarly attempts to consolidate multiple tax years into one criminal charge and fails to state an offense. (Doc. 28)

The Government opposes both motions, asserting neither count is duplicitous nor does Count Two fail to state an offense. (Docs. 39, 40) The Government asserts that Count One represents a single count of evading tax payments for multiple tax years – from 2012 to 2018. (Doc. 39) Additionally, the Government argues that Count Two charges a violation of the omnibus clause of Section 7212(a), allowing for the inclusion of multiple methods of attempted obstruction without being considered duplicitous. (Doc. 40) The Government further avers Count Two properly charges that Defendant corruptly endeavored to impede and obstruct IRS laws. (Doc. 40)

"Duplicity" is joining two or more distinct and separate offenses in a single count. *United States v. Street*, 66 F.3d 969, 974 (8th Cir. 1995). "The principal vice of a duplicitous indictment is that the jury may convict a defendant without unanimous agreement on the defendant's guilt with respect to a particular offense." *Id*. (quoting *United States v. Karam,* 37 F.3d 1280, 1286 (8th Cir.1994)). It is important that an indictment distinguish between a statute that establishes multiple offenses and one that lists various ways of committing a single offense. *Gerberding v. United States*, 471 F.2d 55, 59 (8th Cir. 1973). In situations where the statute specifies multiple methods

by which a single offense can be committed, all these methods may be alleged together in one count of the indictment. *Id*. Proof of any one of these methods is adequate to support a conviction. *Id*.

"Where more than one act is charged in a count, the count is not duplicitous if the acts were part of a transaction constituting a single offense." *United States v. Warner,* 428 F.2d 730, 735 (8th Cir. 1970). Even if a single count includes two or more separate offenses, it may not be duplicitous or erroneous if one of the crimes charged includes, as a necessary element, the other crime charged. *Id*. In determining whether a count is duplicitous, the court must ascertain the allowable unit of prosecution to decide whether the indictment properly charges a violation of the pertinent statute. *See United States v. Root*, 585 F.3d 145, 150 (3d Cir. 2009). To do so, the court analyzes Congressional intent by examining the statutory language. *Id*.

### *(1) Count One - Duplicity under 26 U.S.C. § 7201 and Statute of Limitations*

Count One charges tax evasion for the years 2012 through 2018 in violation of 26 U.S.C. § 7201. (Doc. 1) The tax evasion statute provides:

> Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall ... be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 ..., or imprisoned not more than 5 years, or both....

26 U.S.C. § 7201. A conviction under Section 7201 requires "a tax deficiency, willfulness, and an affirmative act of evasion or attempted evasion of the tax." *United States v. Willis*, 277 F.3d 1026, 1030 (8th Cir. 2002). Section 7201 includes "the offense of willfully attempting to evade or defeat the assessment of a tax as well as the offense of willfully attempting to evade or defeat the payment of a tax." *Id*.

Defendant's argument that Count One is duplicitous because "multiple years are attempted to be charged in a single count" is without merit. Every Circuit addressing this same contention has rejected it. *See e.g., Root,* 585 F.3d at 155;[1] *United States v. Pollen*, 978 F.2d 78, 87 n.16 (3d Cir. 1992), *cert. denied*, 508 U.S. 906 (1993); *United States v. Becker*, 965 F.2d 383, 386 (7th Cir. 1992), *cert. denied*, 507 U.S. 971 (1993); *United States v. Huguenin*, 950 F.2d 23, 26 (1st Cir. 1991); *United States v. Mal*, 942 F.2d 682, 686 (9th Cir. 1991); *United States v. Masat*, 896 F.2d 88, 91 (5th Cir. 1990). It is not impermissibly duplicitous for an indictment to "contain[] several allegations that could have been stated as separate offenses." *United States v. Margiotta*, 646 F.2d 729, 733 (2d Cir. 1981). Rather, "acts that could be charged as separate counts of an indictment may instead be charged in a single count if those acts could be characterized as part of a single continuing scheme." *United States v. Sturdivant*, 244 F.3d 71, 76 (2d Cir. 2001) (quoting *United States v. Tutino*, 883 F.2d 1125, 1141 (2d Cir. 1989)).

Defendant misguidedly relies on *United States v. Johnson*, 123 F.2d 111 (7th Cir. 1941), *rev'd*, 319 U.S. 503 (1943), in support of his Count One duplicity argument. (Doc. 27) The indictment in *Johnson* included four separate counts of evasion of income taxes for each separate tax year. *Id.* at 116. In determining whether the indictment had been returned validly, the Seventh Circuit noted that the initial four counts addressed the same offense across different years. *Id.* Referencing a previous ruling, the Court underscored that attempting to evade income tax

---

[1] While it appears the Eighth Circuit has yet to directly confront this issue, in assessing child pornography convictions for clear error in *United States v. Smith*, 910 F.3d 1047, 1052 (8th Cir. 2018), the Court drew upon the Third Circuit's analysis in *Root*, quoting, "a single count of an indictment should not be found impermissibly duplicitous whenever it contains several allegations that could have been stated as separate offenses, but only when the failure to do so risks unfairness to the defendant."

4

constitutes a distinct offense for each tax year. *Id*. Yet, the Court in *Johnson* did not definitively establish that the sole approach to charging a violation under Section 7201 is by individually listing each tax year as its own count in an indictment. *Id*.

In contrast, the Third Circuit in *Root* upheld a singular tax evasion charge encompassing multiple tax years. 585 F.3d at 155. In its decision, the Court observed that "Section 7201 does not specify whether each tax year should be charged individually or if multiple years can be combined into one count." *Id*. "There is no indication in Section 7201's legislative history that Congress intended to confine this provision's prosecution unit to a single tax year" and that "the limited legislative background of this provision does not address the issue of its allowable prosecution unit." *Id*. at 151 (quoting *Pollen*, 978 F.2d at 86); *see also United States v. Brooks*, 174 F.3d 950, 956 (8th Cir. 1999) (affirming district court's denial of motion to dismiss two counts of tax evasion under Section 7201).

While Defendant's alleged acts could have been charged as separate counts, they appear to have been consolidated into a single count as alleged components of a single and continuous scheme or course of conduct. (Doc. 39, p. 3) Count One of the Indictment alleges that Defendant delayed the submission of his Form 1040, U.S. Individual Income Tax Return, from tax year 2012 through tax year 2018. (Doc. 1, ¶ 12) It is further alleged that in April 2017, upon filing federal tax returns for the years 2012 to 2015, Defendant reported a tax liability of $48,079. (Doc. 1, ¶¶ 8, 12) Instead of fulfilling this tax obligation to the IRS, it is alleged that Defendant opted to utilize cash for gambling at casinos from 2012 through 2020, among other activities, *i.e.*, the alleged continuing scheme. (Doc. 1, ¶¶ 11, 14) The alleged acts are properly charged in a single count because those acts may be characterized as part of a single continuing scheme. *See Sturdivant,*

5

244 F.3d at 76. The Court thus finds that Count One is not duplicitous.

Defendant further argues that Count One improperly includes tax years 2012 through 2015 which fall outside the six-year limitation period. (Doc. 27) While 26 U.S.C. § 6531(2) establishes a six-year statute of limitations for offenses under 26 U.S.C. § 7201, the statute commences from the final affirmative act of evasion. *See United States v. Thompson*, 518 F.3d 832, 856-57 & n.13 (10th Cir. 2008); *United States v. Carlson*, 235 F.3d 466, 470 (9th Cir. 2000).

Count One encompasses a single charge of evading tax payments spanning tax years 2012 to 2018. (Doc. 1, ¶¶ 13, 14) The Government argues the affirmative acts of evasion include depositing $232,000 into Defendant's attorney trust account in November 2017, along with various cash withdrawals made from that account between 2016 and 2019. (Doc. 1, ¶¶ 13, 14) Using the final affirmative act, the window for prosecution for evasion of payment would close sometime in 2025, marking six years from the date of Defendant's alleged last cash withdrawal from his attorney trust account. *See Carlson*, 235 F.3d at 470. Accordingly, the Court is satisfied that the multiple years referenced in Count One as part of a continuous scheme are neither duplicitous nor do they violate the statute of limitations. Thus, Defendant's motion to dismiss Count One (Doc. 27) should be denied.

### *(2) Count Two – Duplicity Under § 7212(a) and Failure to State an Offense*

Count Two charges corrupt endeavor to obstruct and impede the administration of Internal Revenue laws, in violation of 26 U.S.C. § 7212(a). (Doc. 1, ¶ 16) Under 26 U.S.C. § 7212(a), an individual may be prosecuted if he or she:

> [C]orruptly or by force or threats of force (including any threatening letter or communication) endeavors to intimidate or impede any officer or employee of the United States acting in an official capacity

> under this title, or in any other way corruptly or by force or threats of force (including any threatening letter or communication) obstructs or impedes, or endeavors to obstruct or impede, the due administration of this title ... .

26 U.S.C. § 7212(a). Section 7212(a) is recognized as having two distinct clauses. *See United States v. Pansier*, 576 F.3d 726, 734 (7th Cir. 2009) (discussing distinction); *United States v. Lovern*, 293 F.3d 695, 700 & n.5 (4th Cir. 2002); *United States v. Bowman*, 173 F.3d 595, 598 (6th Cir. 1999); *United States v. Kassouf*, 144 F.3d 952, 955 (6th Cir. 1998); *United States v. Kelly*, 147 F.3d 172, 175 (2d Cir. 1998). The first clause—known as the intimidation clause—prohibits specific threats against an officer or employee of the United States designed to intimidate or impede that officer's administration of the tax code, while the second clause—known as the omnibus clause—is aimed at all other activities which may obstruct or impede the administration of the code. *Pansier*, 576 F.3d at 734.

Count Two alleges a violation of the omnibus clause of Section 7212(a), which permits multiple methods of attempted obstruction to be charged without constituting duplicity. *See Pansier,* 576 F.3d at 735 (holding that allegations of filing Form 8300s and sight drafts within a single count were not duplicitous). In *United States v. Wilson*, the Court implicitly acknowledged the feasibility of charging multiple corrupt acts within a single Section 7212(a) count stating, "[t]he limitations period for a violation of § 7212(a) begins to run on the date of the last corrupt act" of tax evasion. 118 F.3d 228, 236 (4th Cir. 1997). In recognition that a "last corrupt act" contemplates the allegation of more than one corrupt act within a single count, this Court finds that Count Two is not duplicitous.

7

Defendant further contends that Count Two lacks merit as it fails to demonstrate any corrupt intent or obstruction. (*See* Doc. 28) Defendant asserts that the alleged acts did not impede the administration of the Internal Revenue laws, as there is no evidence indicating awareness of any pending IRS criminal investigation. (*See* Doc. 28) Count Two tracks the language of 26 U.S.C. § 7212(a) and sufficiently alleges the essential elements of 26 U.S.C. § 7212(a). *See United States v. Tebeau*, 713 F.3d 955, 962 (8th Cir. 2013) ("An indictment which 'tracks the statutory language' is ordinarily sufficient."). Section 7212(a) does not include as an element the individual's knowledge of a pending IRS investigation. *See* 26 U.S.C. § 7212(a). Moreover, Defendant's evidentiary challenge to Count Two is premature. Whether Defendant performed his alleged activities for a corrupt purpose or to obstruct the administration of the Internal Revenue laws are issues for trial. *See United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2001) ("[S]o long as the indictment contains a facially sufficient allegation of [elements of the crime], federal criminal procedure does not provide for a pre-trial determination of sufficiency of the evidence."). Thus, Defendant's contention that the Government failed to allege he knew of an IRS investigation is misplaced.

Accordingly, the Court finds that Count Two is neither duplicitous nor does it fail to state an offense. Defendant's motion to dismiss Count Two (Doc. 28) should be denied.

**B. <u>Counts Three Through Six</u>**

Counts Three through Six charge Defendant with four misdemeanors for failure to pay taxes for calendar years 2012 through 2015, in violation of 26 U.S.C. § 7203. (Doc. 1, ¶ 18) Defendant contends these counts are barred by the six-year statute of limitations and should be dismissed. (Doc. 29) For example, Defendant states that Count Six, for tax year 2015, is alleged

to have a tax due date of April 18, 2016. Consequently, Defendant asserts that the last possible date to file this charge would be April 19, 2022, but here the Indictment was filed in December of 2022. (Doc. 29) Defendant also argues the Indictment fails to provide any explanation or allegation regarding tolling. (Doc. 29)

In contrast, the Government argues that Section 7203 encompasses a defendant's final willful action, and Defendant's deliberate delay in filing tax returns and subsequent failure to pay constitute such final willful acts. (Doc. 41) The Government asserts the tardy submission of Defendant's 2012-2015 returns in April of 2017 brings them within the statute of limitations, which would not have lapsed until April of 2023. Thus, the Government contends these counts in the Indictment issued on December 20, 2022, fall within the actionable six-year period. (Doc. 41)

The willful failure to file an income tax return or pay income taxes, in violation of Section 7203, is subject to a six-year statute of limitations period. *United States v. Rief*, No. 420CR595AGFSRW, 2021 WL 5181094, at *5 (E.D. Mo. Apr. 30, 2021), *report and recommendation adopted*, No. 4:20CR595 AGF (SRW), 2021 WL 4304868 (E.D. Mo. Sept. 22, 2021). Where a tax return is filed late, the limitations period begins to run when the failure to pay the tax becomes willful, not when the tax is assessed or when payment is demanded. *See e.g., Id; United States v. Sams*, 865 F.2d 713 (6th Cir. 1988); *United States v. Andros*, 484 F.2d 531, 532-33 (9th Cir. 1973). The issue of a defendant's willfulness is for the jury to determine at trial. *See Brooks*, 174 F.3d at 956. Like Defendant's argument here, the defendant in *United States v. Sams* argued that the statute commences from the date the tax return was originally due. 865 F.2d at 713. The Sixth Circuit rejected this position, holding the limitations period begins when the taxpayer exhibits some act of willful nonpayment. *Id*.

9

Here, the Indictment alleges that Defendant filed his 2012 income tax return with the IRS on April 20, 2017, without remitting any payment. (Doc. 1, ¶ 12) Similarly, it alleges that Defendant filed his 2013 income tax return on April 24, 2017, and his 2014 and 2015 returns on April 21, 2017, all without accompanying payments. (Doc. 1, ¶ 12) No subsequent voluntary payments are alleged to have been made for any of these tax years. (Doc. 1, ¶ 11) The Government contends Defendant's alleged tardy filings and failure to pay constitute willful acts under Section 7203. *See Sams*, 865 F.2d at 713. As the determination of willfulness is an issue for the jury, and it is plausible that the jury could find these allegations fall within the six-year statute of limitations period, Defendant's motion to dismiss Counts Three through Six (Doc. 29) should be denied.

### III. CONCLUSION

Based on the above, it is

**RECOMMENDED** that the Court, after making an independent review of the record and applicable law, enter an order denying Defendant's motions to dismiss (Docs. 27, 28, 29).

Counsel are advised that, pursuant to 28 U.S.C. § 636(b)(1), each has fourteen days from the date of this Report and Recommendation to file and serve specific objections, unless an extension of time for good cause is obtained.

/s/ *Jill A. Morris*
JILL A. MORRIS
UNITED STATES MAGISTRATE JUDGE
