IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 22-00282-CR-W-HFS |
| ) | |
| JOHN C. CARNES, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant John C. Carnes' Motion to Strike Surplusage From the Indictment. (Doc. 35) For the following reasons, Defendant's motion is denied.

### I. BACKGROUND

On December 20, 2022, the Grand Jury returned a nine-count Indictment charging Defendant with: Count One - evasion of payment of income tax, in violation of 26 U.S.C. § 7201; Count Two - corrupt endeavor to obstruct and impede the administration of Internal Revenue laws, in violation of 26 U.S.C. § 7212(a); and Counts Three through Nine - failure to pay tax, in violation of 26 U.S.C. § 7203. (Doc. 1) On January 13, 2024, Defendant filed the instant motion. (Doc. 35) With an extension of time granted, the Government filed its response on February 20, 2024. (Doc. 44) Defendant did not file a reply.

### II. LEGAL ANALYSIS

Defendant argues that the Court should strike from the Indictment Paragraph Six (except for the final part dealing with federal returns), because it contains allegations that are prejudicial, inadmissible, surplusage, and unnecessary to allege and plead an offense of federal tax evasion. (Doc. 35) Paragraph Six alleges:

1

> As a licensed Missouri attorney, CARNES was required to file Missouri state income tax returns and pay his state income taxes. Missouri state law—House Bill 600—requires all individuals applying for or renewing state licenses (including law licenses) to have paid all state income taxes and have filed state tax returns for the prior three years. In May 2010, the Missouri Department of Revenue ("MODOR") sent CARNES a House Bill 600 letter for failing to file or pay his 2006 state income taxes and filed a tax lien in the amount of $5,940. In October 2010, CARNES filed a 2006 state tax return. On December 17, 2010, the state tax lien was removed. MODOR sent CARNES additional House Bill 600 letters for his unfiled 2010–2015 state income tax returns, which he then filed in April 2017. He made incremental payments toward the unpaid state income taxes until paying them in full in May 2018. When CARNES filed his 2010–2015 state income tax returns, he also filed his federal Forms 1040 for 2012–2015. However, CARNES paid no federal taxes due and owing. Nor did he ever file federal income tax returns for tax years 2006–2011.

(Doc. 1)

In moving to strike, Defendant asserts that the admissibility of evidence regarding Defendant's state filings can be addressed separately if such evidence is offered at trial. (Doc. 35) In response, the Government states that the Paragraph in question is not irrelevant or prejudicial, and directly relates to evidence it intends to present at trial, which is crucial to the charges outlined in the Indictment. (Doc. 44) The Government argues that since Defendant has not demonstrated that the allegations within the Paragraph are irrelevant to the charges or contain prejudicial matter, his motion to strike should be denied.

"The indictment ... must be a plain, concise, and definite written statement of the essential facts constituting the offense charged .... ." Fed. R. Crim. P. 7(c)(1). Rule 7(d) of the Federal Rules of Criminal Procedure allows the court, on a defendant's motion, to strike surplusage from the grand jury's indictment. "A motion to strike surplusage from an indictment ... should be granted only where it is clear that the allegations contained therein are not relevant to the charge

2

made or contain inflammatory and prejudicial matter." *United States v. Michel-Galaviz*, 415 F.3d 946, 948 (8th Cir. 2005). Rule 7(d) provides "a means of protecting the defendant against immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial." Fed. R. Crim. P. 7(d) advisory committee's note to 1944 adoption. The court's authority to strike surplusage is permissive rather than mandatory. *United States v. Figueroa*, 900 F.2d 1211, 1218 (8th Cir. 1990). Motions to strike surplusage require the defendant to meet a significant burden of proof as to relevance and prejudice. *United States v. Augustine Med. Inc.*, No. CRIM. 03-321 (1-8) ADM, 2004 WL 502183, at *4 (D. Minn. Mar. 11, 2004) (unpublished). In factually and legally complex cases, background information is particularly helpful for contextualizing the criminal conduct alleged. *Id*. So long as the Government's evidence at trial parallels the factual allegations, the alleged surplusage is not inflammatory or prejudicial. *Figueroa*, 900 F.2d at 1218.

The Court will first address the relevance prong. With respect to relevance in a tax prosecution, a defendant's knowledge, i.e., willfulness, constitutes an element of the offense. *See United States v. Brooks*, 174 F.3d 950, 955 (8th Cir. 1999). Willfulness, as construed in criminal tax cases, requires the Government to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty. *Id*. Here, Counts One and Three through Nine all require the Government to prove that Defendant willfully committed the tax violations. (*See* Doc. 1) Paragraph Six is relevant to Count One because the Indictment alleges Defendant knowingly and deliberately evaded federal income tax payments for the tax years spanning from 2012 to 2018, by settling taxes owed to the Missouri Department of Revenue while not satisfying his obligations to the IRS. (*See* Doc. 1, ¶¶ 6, 14) Paragraph Six is

3

also relevant to Counts Three through Nine because Defendant is purported to have willfully failed to pay federal taxes for the years 2012 through 2018, amounting to $343,469, as per his voluntarily submitted federal income tax returns. (Doc. 1, ¶¶ 6, 18) Consequently, the allegations in Paragraph Six are relevant to Counts One and Three through Nine as to Defendant's alleged willfulness. Thus, the contested Paragraph is relevant and appropriately included in the Indictment.

Regarding the second prong, the Government intends to present evidence at trial consistent with these factual allegations. *See Figueroa*, 900 F.2d at 1218; *see also* Doc. 44, p. 2. The Court therefore finds that Paragraph Six is neither inflammatory nor prejudicial.

Since Defendant has not met his significant burden as to either prong, the Court declines to strike Paragraph Six as surplusage.

### III. CONCLUSION

Based on the above, it is

**ORDERED** that Defendant Carnes' Motion to Strike Surplusage From the Indictment (Doc. 35) is denied.

/s/ *Jill A. Morris*
JILL A. MORRIS
UNITED STATES MAGISTRATE JUDGE
