IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 22-00282-CR-W-HFS |
| JOHN C. CARNES, | ) ) ) |
| Defendant. | ) ) |

**REPORT & RECOMMENDATION TO DENY
DEFENDANT'S MOTION TO DISCLOSE**

Before the Court is Defendant's Motion to Disclose Grand Jury Minutes; Special Agent's IRS Report; and the Remainder of the Full Independence, Missouri FBI Fraud Investigation with Suggestions. (Doc. 36) For the following reasons, Defendant's motion should be denied.

## I. BACKGROUND

On December 20, 2022, the Grand Jury returned a nine-count Indictment charging Defendant with: Count One - evasion of payment of income tax, in violation of 26 U.S.C. § 7201; Count Two - corrupt endeavor to obstruct and impede the administration of Internal Revenue laws, in violation of 26 U.S.C. § 7212(a); and Counts Three through Nine - failure to pay tax, in violation of 26 U.S.C. § 7203. (Doc. 1) On January 16, 2024, Defendant filed the instant motion. (Doc. 36) With an extension of time granted, the Government filed its response on February 20, 2024. (Doc. 46) Defendant did not file a reply.

## II. LEGAL ANALYSIS

Defendant is requesting the grand jury minutes, the IRS Special Agent's report ("SAR"), and further information concerning an FBI investigation. (Doc. 36) The Government states it

1

will provide the transcript of the Special Agent's grand jury testimony pursuant to the Court's order to produce Jencks Act material and opposes Defendant's request for the SAR and any further discovery of the FBI investigation. (Doc. 46)

Defendant contends that while it is generally understood that the defense is not entitled to access grand jury minutes for speculative or fault-finding purposes, and likewise, access to a SAR in a tax evasion case is limited, there exist extraordinary situations where these general rules can be circumvented. (Doc. 36) Defendant argues this is true when there is compelling evidence of selective or vindictive prosecution, yet notes he has not filed such a motion. (Doc. 36, p. 10) Defendant posits that the Government's extensive expenditure of time and money on the case, without yielding results, likely led to the decision to indict Defendant on criminal charges instead of opting to pursue the usual course of an audit and civil penalties. (Doc. 36, p. 9) The Government asserts that the circumstances of this case do not support any claim of selective prosecution and no further production is mandated. (Doc. 46) The Court will address the selective prosecution argument as to discoverability, then turn to each item Defendant requests.

### A. Selective Prosecution

In assessing claims of selective prosecution, courts apply a two-part test set forth in *United States v. Catlett*, 584 F.2d 864, 866 (8th Cir. 1978):

> To establish the essential elements of a [p]rima facie case of selective discrimination [sic], a defendant must first demonstrate that he has been singled out for prosecution while others similarly situated have not been prosecuted for conduct similar to that for which he was prosecuted. Second, the defendant must demonstrate that the government's discriminatory selection of him for prosecution was based on an impermissible ground, such as race, religion, or his exercise of his first amendment right to free speech.

The conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation. *Oyler v. Boles*, 368 U.S. 448, 456 (1962). Indeed, our legal system vests prosecuting

2

authorities with broad discretion. *See Bordenkircher v. Hayes*, 434 U.S. 357, 365 (1978). Accordingly, meeting the two requirements of the *Catlett* test to prevail on a defense of selective prosecution constitutes a "heavy burden." *United States v. Jennings*, 724 F.2d 436, 445 (5th Cir. 1984). The *Catlett* standard requires a showing of "intentional and purposeful discrimination." *Catlett*, 584 F.2d at 866. Moreover, mere allegations of selective prosecution do not authorize a criminal defendant to engage in a fishing expedition for government documents. *United States v. Cammisano*, 546 F.2d 238, 241 (8th Cir. 1976).

Defendant has not presented any factual allegations indicating that he has been singled out for prosecution while others in similar circumstances have not been prosecuted. *See Catlett*, 584 F.2d at 866. Furthermore, there is no allegation that the Government's decision to prosecute Defendant was based on impermissible grounds, such as race, religion, or the exercise of First Amendment rights. *See id*. Defendant is facing prosecution for evading payment of federal taxes owed. (Doc. 1) Since prosecuting authorities are vested with broad discretion and Defendant has not satisfied the *Catlett* test, there is no basis for a selective prosecution exception. Defendant's motion requesting the minutes, SAR, and full FBI investigation concerning public corruption should be denied on this ground.

### B. Grand Jury Minutes

The proper functioning of the grand jury system depends upon the secrecy of its proceedings. *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218 (1979). Indeed, Federal Rule of Criminal Procedure 6(e) recognizes the general rule of confidentiality for grand jury proceedings. An exception to this general rule is recognized in Rule 6(e)(3)(E)(ii), which provides the court may authorize disclosure:

> at the request of a defendant who shows that a ground may exist to
> dismiss the indictment because of a matter that occurred before the

grand jury … .

Fed. R. Crim. P. 6(e)(3)(E)(ii). To secure otherwise confidential grand jury materials the defendant must show a "particularized need" for the information. *See e.g.*, *United States v. Broyles*, 37 F.3d 1314, 1319 (8th Cir. 1994), *cert. denied*, 514 U.S. 1056 (1995); *United States v. Warren*, 16 F.3d 247, 253 (8th Cir. 1994). A "particularized need" can be demonstrated by the presentation of "specific evidence of prosecutorial over-reaching." *United States v. Lame*, 716 F.2d 515, 518 (8th Cir. 1983). Consequently, a defendant who "has not pointed to anything in the record which might suggest that the prosecution has engaged in improper conduct before the grand jury" has failed to carry his burden. *Id*. The decision is left to the sound discretion of the judge and may only be reversed for an abuse of discretion. *In re Grand Jury Subpoenas Duces Tecum*, 904 F.2d 466, 468 (8th Cir. 1990)

Here, while much of the motion describes various interactions between law enforcement and Defendant, Defendant has made no showing of particularized need based on alleged misconduct before the grand jury. Defendant asserts the grand jury minutes will permit counsel "to assess whether this fall-back-tax-prosecution has been done in good faith as opposed to being pursued through civil tax enforcement." (Doc. 36, p. 9) A general argument that inspection of grand jury minutes *might* yield a basis to dismiss the indictment is not enough for a court to invade the secrecy and permit a defendant to inspect minutes. *United States v. Harbin*, 585 F.2d 904, 907 (8th Cir. 1978) (emphasis added). Defendant has not pointed to anything in the record which might suggest prosecutorial overreach or improper conduct before the grand jury. *See Lame*, 716 F.2d at 518. Without a showing of particularized need, there is no basis to invade the secrecy of the grand jury proceedings. Accordingly, Defendant's motion for grand jury minutes should be denied.

### C. <u>IRS Special Agent's Report</u>

Defendant seeks the SAR to "reveal the thought process that went into attempting to charge old barred tax years and why a criminal prosecution was pursued instead of civil enforcement." (Doc. 36, pp. 9-10)  "Reports, memoranda, or other internal government documents created by a government agent in connection with the investigation or prosecution of the case are immune from discovery." *United States v. Robinson,* 439 F.3d 777, 779–80 (8th Cir. 2006) (quotations, alteration, and citations omitted); *see also*, Fed. R. Crim. P. 16(a)(2).

Defendant's motion does not identify a justifiable exception for disclosure of the SAR. Defendant is not entitled to the IRS SAR and his motion should be denied.

### D. <u>Remainder of the Full Independence, Missouri FBI Fraud Investigation</u>

Defendant acknowledges receiving 5.96 gigabytes of data after the Indictment and later receiving selective portions of the FBI investigation into allegations of corruption in Independence, which also constituted gigabytes of data. (Doc. 36, p. 9)  Defendant now seeks the full investigation by the FBI, including FBI reports of ten informants (FD 302s), because it "should also shed light on the case."  (Doc. 36, p. 9)  The Government notes the production of voluminous discovery even as to the uncharged investigation.  (Doc. 46, p. 4)

Reports, memoranda, or other internal documents made by a government agent in connection with a prosecution are not generally discoverable; nor are statements made by government witnesses generally discoverable at this juncture. Fed. R. Crim. P. 16(a)(2).  In federal criminal cases, defendants generally lack the right to be informed about government witnesses before trial. *United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013).  Here, the parties are subject to disclosure requirements from numerous sources including Rule 16.  Additionally, this Court's Scheduling Order establishes various disclosure deadlines, including for Jencks Act

5

material, the deadline for which no objection was filed. (Doc. 11, p. 11) This is also a voluntary discovery case. (Doc. 11, p. 2)

To the extent this is a request for early disclosure of witnesses, as the Government seems to suggest (Doc. 46, p. 2), it is proper for the Court to deny Defendant such premature access. *See United States v. Harbin*, 585 F.2d 904, 907 (8th Cir. 1978) (affirming trial court's denial of early access to FBI investigative reports). To the extent the FBI reports, including FD 302s, are deemed statements, such statements--if in fact production were required--are not mandated at this juncture. If Defendant's request is to obtain the information to otherwise assist in preparing a defense, it is also proper to deny Defendant such access. Based on the various disclosure obligations and this Court's recommendation to decline invoking the selective prosecution exception, Defendant's motion for the FBI reports and investigation should be denied.

### III. CONCLUSION

Based on the above, it is

**RECOMMENDED** that the Court, after making an independent review of the record and applicable law, enter an order denying Defendant's Motion to Disclose (Doc. 36).

Counsel are advised that, pursuant to 28 U.S.C. § 636(b)(1), each has fourteen days from the date of this Report and Recommendation to file and serve specific objections, unless an extension of time for good cause is obtained.

/s/ *Jill A. Morris*
JILL A. MORRIS
UNITED STATES MAGISTRATE JUDGE