IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 22-00282-CR-W-HFS |
| | ) | |
| | ) | |
| JOHN C. CARNES | ) | |
| Defendant. | ) | |

**ORDER**

Defendant has filed objections to the Findings of Fact and Conclusions of Law as determined by the Honorable Jill A. Morris in Reports and Recommendations (Docs. 54 and 56) and the Order denying defendant's motion to strike surplusage from the Indictment (Doc. 55).[1]

---

[1] Defendant claimed that language discussing his state tax filings should be stricken from paragraph 6 of the Indictment as surplusage. (Doc. 35). The Government argued that the state tax references relate to evidence it intends to present at trial demonstrating, among other things, that defendant willfully evaded federal income tax payments for tax years 2012 through 2018, by settling taxes owed to the Missouri Department of Revenue while not satisfying his tax obligations to the IRS. Finding the

1

Background

Defendant has been indicted in: Count One, evasion of payment of income tax, in violation of 26 U.S.C. § 7201; Count Two, corrupt endeavor to obstruct and impede the administration of Internal Revenue laws, in violation of 26 U.S.C. § 7212(a); and Counts Three through Nine, failure to pay tax, in violation of 26 U.S.C. § 7203. (Doc. 1).

Discussion

Count One – Attempted Evasion of Income Tax Payment

The Indictment, filed on December 20, 2022, alleges that:

From in or about April 2012, and continuing through at least in or about December 2020, in the Western District of Missouri and elsewhere, the defendant, JOHN C. CARNES, a resident of Jackson County, Missouri, did willfully attempt to evade and defeat the

---

allegations in paragraph 6 relevant to Counts One and Three through Nine, defendant's motion was denied. (Doc. 55).
 Although raises the Order in his Objections (Doc. 64) no further argument is presented; thus, the objection is DENIED.

payment of the income tax due and owing by him to the United States of America, for tax years 2012 through 2018, by committing the following affirmative acts, among others: (1) keeping his income in his attorney trust accounts to prevent the IRS from levying the accounts; (2) depositing $232,000 in fees received for services provided in the sale of the former Rockwood Golf Course property in November 2017 and the Missouri City Power Plant project, and other income into his attorney trust accounts; (3) withdrawing cash from his attorney trust accounts to fund his personal and business expenses; and (4) using cash to gamble, and receiving cash from his gambling activities.

All in violation of Title 26, United States Code, Section 7201 which provides that:

Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall … be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 …, or imprisoned not more than 5 years , or both …

The dispute here, in large part, involves the statute of limitations. Defendant contends that Count One is duplicitous because multiple occurrences of evading tax payments on different years were charged in a single count. The offending conduct is alleged to have occurred from 2012 through 2018, and defendant claims that the Government combined the charges to

3

avoid limitations restrictions. According to defendant, only tax years 2016 through 2018 in Count One are prosecutable because tax years 2012 through 2015 are beyond prosecutorial reach due to the six-year statute of limitations period. (Doc. 27, p. 2).

Contending that the charges in Count One are duplicitous, defendant claims that a charge of either an attempt to evade payment of income tax or obstructing the enforcement of tax payments is a separate offense to be charged for each year; relying on United States v. Johnson, 123 F.2d 111, 119 (7th Cir. 1941); citing, United States v. Sullivan, 98 F.2d 79, 80 (2nd Cir. 1938).

To prove a violation of 26 U.S.C. § 7201, the Government must show an affirmative act constituting attempt to evade or defeat tax, an additional tax due and owing, and willfulness. United States v. Biden, 2024 WL 1432468 * 35 (C.D.Ca.). The court noted the principle that a jury may consider multiple tax returns in assessing whether a defendant violated the statute; citing,

United States v. Orrock, 23 F.4th 1203 (9th Cir. 2022), holding that a violation of § 7201 may be based on the preparation of different tax forms, which constitute different acts of evasion that may support the count.

While recognizing that the Circuit panel in Orrock did not expressly consider a duplicity challenge, the court in Biden found its reasoning comported with the statutory context of § 7201, showing Congress' desire to impart a significant degree of flexibility into the Government's charging decision. Biden, at *35.

Similarly, in considering this question, the court in U.S. v. Root, 585 F.3d 145 (3rd Cir. 2009) noted that § 7201 is silent regarding whether each tax year must be charged separately or whether multiple years can be combined in one count. Root, at 150. And, the court ultimately held that though the Government could have brought three separate counts for the single pattern of events spanning three years, the statute does not require that it do so. Id, at 153; relying on, U.S. v. Shorter, 809 F.2d 54, 56-58

5

(D.D.C. 1987), which concluded that the defendant's conduct for tax years 1972 through 1983 could be regarded as evidencing a continuous course of conduct. [2]

Prosecutions under 26 U.S.C. § 7201 for evasion of *tax assessment*, involve efforts to shield taxable income to prevent the IRS from determining one's tax liability; and evasion of *tax payment*, concerns conduct designed to place assets out of reach to prevent the IRS from settling one's tax liability. Root, at 151 While it is true that taxes are assessed on an annual basis, the Indictment here sets forth defendant's repeated attempts to avoid paying taxes over a period of several years. And this conduct, regardless of the length of time over which his acts took place, constitute evasive acts that affected assessment income for multiple years. Root, at 153 ( Fed.R.Crim.P. 7(c)(1) allows a single

---

[2] Abrogated on other grounds by Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), on the ground that "general acceptance" is an unnecessary precondition for the admissibility of scientific evidence under Federal Rules of Evidence.

6

count to allege that defendant committed the offense by one or more specified means.

Thus, though the Government could have brought separate counts for this pattern of events spanning several years, section 7201 does not require that it do so. Id.[3]

Count Two – Attempt to Obstruct Administration of IRS Laws

In reliance on Johnson, defendant claims that Count Two is also duplicitous. (Doc. 28, p. 2; see also, Doc. 64, p. 5)

In Count Two, the Indictment reads:

> Beginning in or about 2012, and continuing through in or about 2020, in the Western District of Missouri, and elsewhere, the defendant, JOHN C. CARNES, did corruptly endeavor to obstruct and impede the due administration of the internal revenue laws by, among other things:
> (a) Withdrawing cash from his attorney trust accounts to pay for personal and business expenses;
> (b) Depositing $232,000 in fees received for services provided in the sale of the former Rockwood Golf Course property in November 2017 and the Missouri City Power Plant project, and other income into his attorney trust accounts;

---

[3] As the Circuit ruled in United States v. Smith, 910 F.3d 1047, 1053 (8th Cir. 2018), (instructions can deal with the need for unanimity as to separate years).

7

(c) Dealing in cash; and
(d) Receiving cash from clients and not depositing that cash into his bank accounts;

All in violation of Title 26, United States Code, Section 7212(a).

Section 7212(a) has two substantive clauses. The first clause, referred to as the "Officer Clause," forbids:

corruptly or by force or threats of force (including any threatening letter or communication) endeavoring to intimidate or impede any officer or employee of the United States acting in an official capacity under the Internal Revenue Code.

The second clause, referred to as the "Omnibus Clause," forbids: corruptly or by force or threats of force (including any threatening letter communication) obstructs or impedes, or endeavors to obstruct or impede, the due administration of the Internal Revenue Code.

As noted above, the duplicity issue, as it pertains to defendant's attempt to evade payment of tax due and owing to the IRS for multiple years satisfies an alleged violation under section 7201. In <u>Root</u>, the court held that there is no reason to treat evasion of assessment cases differently than evasion of payment cases and this reasoning extends to evasion of

assessment prosecutions as well. Root, 585 F.3d, at 153; citing, United States v. Pollen, 978 F.2d 78, (3rd Cir. 1992).

Defendant acknowledges that the use of the statute in Counts One and Two support the Government under Root, but "believes it is wrongly decided and is contrary to older authority in Johnson." (Doc. 64, p. 4). In and of itself, defendant's opinion is not persuasive and fails to support his position or satisfy his burden.

Defendant also claims that Count Two fails to state an offense under § 7212(a) because there are no allegations that he was aware of a pending IRS criminal investigation or that he took steps to willfully impede the investigation, relying on, United States v. Kassouf, 144 F.3d 952 (6th Cir. 1998). (Doc. 28, p. 3).

The parties in Kassouf disputed whether the Omnibus Clause of § 7212(a) requires that there be a pending IRS proceeding or investigation of which the defendant was aware. Kassouf, 144 F.3d, at 955. The Government argued that the statute broadly

9

prohibited all corrupt efforts to impede the administration of the tax laws, including schemes to disguise and conceal current financial transactions to evade tax obligations and prevent IRS detection and scrutiny. Id. Conversely, the defendant contended that there must be an audit or investigation for the alleged conduct to be obstructive. Id.

As a matter of first impression, the Kassouf court looked for guidance at a similar obstruction statute in 18 U.S.C. § 1503 with almost identical language to that in § 7212(a) and held that the due administration of justice required that there be a pending judicial proceeding *and* that the defendant must have knowledge that such a proceeding is pending. Kassouf, 144 F.3d, at 956-58.[4]

---

[4] See, United States v. Aguilar, 515 U.S. 593 (1995), imposing a nexus requirement to the obstruction of justice statute in 18 U.S.C. § 1503, and supporting a more strict reading of obstruction statutes generally. Kassouf, at 956; Aguilar, at 599-600 (courts traditionally exercise restraint in assessing the reach of a federal criminal statute out of concern that a fair warning should be given to the world in language that the common world would understand, of what the law intends to do if a certain line is passed).

Subsequently, in <u>United States v. Marinello</u>, the defendant was charged and convicted under the Omnibus Clause for, among other things, destroying business records, hiding income and failing to provide complete and accurate tax information to his tax accountant. 839 F.3d 209, 213 (2nd Cir. 2016). The court concluded that it is possible to violate section 7212(a) by corruptly obstructing or impeding the due administration of the IRS **without** an awareness of a particular IRS action or investigation. 839 F.3d, at 222-23.

On appeal, however, the U.S. Supreme Court overruled the Second Circuit and held that in addition to the jury finding that the defendant engaged in the alleged conduct, the district court was required to also instruct the jury that the defendant knew he was under investigation and intended corruptly to interfere with that investigation. <u>Marinello v. U.S.</u>, 584 U.S. 1, 5 (2018).

Here, the Indictment alleges that defendant entered into an agreement with the IRS to pay a debt of $88,707 for tax years

1994 to 2003; in 2009, 2011, and 2012, IRS Notices were sent to defendant informing him of investigative and enforcement activity by the IRS regarding his failure to file federal income tax returns for tax years 2008 through 2011; and in an attempt to collect unpaid taxes the IRS levied defendant's bank accounts at least 16 times until he stopped using one of the accounts. (Doc. 1, Indictment, ¶¶ 4-12).

The allegations here show that investigative actions were being conducted by the IRS and these proceedings were reasonably foreseeable by defendant. <u>Marinello</u>, 584 U.S., at 13-14. and his protestations to the contrary do not undermine the pleading.

<u>Counts Three through Six</u>

These allegations charge defendant with four misdemeanors for failure to pay tax due for the period of 2012 through 2015, in violation of 26 U.S.C. § 7203. In his motion to dismiss, defendant

claims, without authority, that because the payment due date alleged in Count Six was April 18, 2016, the charge should have been filed by April 19, 2022. (Doc. 29). This claim is not raised in his objections to the R&R denying the motion (Doc. 56); and, without more, the argument is not persuasive.

The parties do not dispute that for offenses asserted under § 7203, the statute of limitations is six years for "willfully" failing to pay any tax … at the time or times required by law or regulations. 26 U.S.C. § 6531(4). <u>Biden</u>, 2024 WL 1432468, at * 31.

Since section 6513 does not provide the applicable limitations period, the Sixth Circuit considered what would constitute the appropriate starting date and held that the limitations period begins to run when the taxpayer manifests some act of willful nonpayment. <u>U.S. v. Sams</u>, 865 F.2d 713, 716 (6th Cir. 1988). In <u>United States v. Rief</u>, 2021 WL 5181094 * 5 (E.D.Mo.), the court examined the parameters of section 6531 and held that the willful failure to truthfully account for and pay

13

over taxes to the IRS under § 7203 is subject to the six-year statute of limitations. Id; citing 26 U.S.C. § 6531(4). The court also concluded that the net effect of the § 6513 language is to prolong the limitations period when, and only when, a *return is filed* or tax paid in advance of the statutory deadline. Id, at *3; citing, United States v. Doll, 2019 WL 4454415 (D.Neb.).

The Indictment alleges that in April of 2017, defendant filed income tax returns for tax years 2012 through 2015, without payment of the taxes due and owing (Doc. 1, ¶ 12). When considering a motion to dismiss a criminal offense as untimely prosecuted, the trial court is limited to the face of the indictment and is obligated to accept the facts therein as true. Biden, 2024 WL 1432468, at * 31. The Government argues that the limitations period began to run in April 2017 and did not expire until April 2023 (Doc. 41, pp. 2-3); thus, the Indictment was timely filed on December 20, 2022.

There remains a question of whether defendant "willfully" failed to pay his taxes, and there are two elements on a failure-to-pay charge; either when payment is due or at a later time. Biden, 2024 WL 1432468 at * 34. The Court concluded that it is a question of fact to be determined by the jury. Biden, 584 U.S., at * 32. Nevertheless, the dafendant's motion to dismiss the count due to untimeliness was denied. Id, at * 32.

Disclosure Motion
Finally, defendant complains about the denial of his motion for discovery. Specifically, grand jury minutes, and the IRS Special Agent's report by the Independence, Missouri FBI fraud investigation. According to defendant, rumor and speculation contributed to an investigation of more than four years that defendant nefariously controlled the Independence, Missouri City Council and could persuade the Council through extortion, bribery and political backroom deal making to vote favorably for anything

15

he supported. (Doc. 64, p. 7).[5] Defendant further contends, without cited authority, that there is "smoke" and "reasonable suspicion" to support a claim of selective prosecution. (Id, p. 10; see also, Doc. 36).

To demonstrate selective prosecution, a defendant must demonstrate that other similarly situated individuals have not been prosecuted and that his prosecution was based on an impermissible motive. Biden, 2024 WL 1432468 at, * 21. And, the standard for discovery for a selective prosecution claim should be nearly as rigorous as that for proving the claim itself. Id, at * 24. Thus, the defendant must provide some evidence tending to show the existence of the essential elements of the defense, discriminatory effect and discriminatory intent. Id  Defendant's selective and vindictive prosecution claims lack merit because he

---

[5] This claim allegedly includes Title III wire taps; surreptitious bugging his law office; taking defendant on a private plane to Nevada to encourage him to gamble and cavort with female professionals; and introducing him to purported high roller investors in the yet-to-be marijuana industry in Missouri. (Doc. 64, p.7).

16

fails to present evidence showing that the Government elected to prosecute him based on his political and familial affiliations. Biden, 2024 WL 1432468 at, * 36-*38.

Defendant also argues that the Government's prosecution is flawed due to a failure to permit negotiations with the Government to resolve the matter (Doc. 64, pp. 8-9). However, the Indictment alleges that defendant failed to comply with a consensual installment agreement with the IRS to pay accrued tax debts; IRS notices sent to defendant; and unsuccessful attempts by the IRS to collect unpaid taxes from defendant's bank accounts (Doc. 1, ¶¶ 4-7).

As noted by the Magistrate Judge, defendant agrees that he did not file a motion for selective prosecution (Doc. 64, p. 9), and he has not presented any evidence of other similarly situated individuals that have not been prosecuted or that his prosecution was based on impermissible motive. United States v. Biden, 2024

WL 1432468, at *21(prosecutors have broad discretion to decide whom to prosecute.

Accordingly, and for reasons stated by Magistrate Judge Morris, defendant's motions to dismiss (Docs. 27, 28, and 29) and motion for discovery (Doc. 36) are DENIED, and the Findings of Fact and Conclusions of Law in the Reports and Recommendations (Docs. 54 and 56) are hereby ADOPTED.

/s/ Howard F. Sachs
**HOWARD F. SACHS**
UNITED STATES DISTRICT JUDGE

September 3, 2024
Kansas City, Missouri